# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANIEL C. RICHMOND,

    *Petitioner*,

vs.

NEVADA ATTORNEY GENERAL,

    *Respondent.*

3:12-cv-00348-HDM-WGC

ORDER

    This habeas action under 28 U.S.C. § 2254 comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases [the "Habeas Rules"]. The Court finds that petitioner is unable to pay the $5.00 filing fee, and the pauper application therefore will be granted.

    Turning to initial review, petitioner failed to name the proper respondent necessary to sustain the Court's jurisdiction. The Court's required petition form provides a space for the petitioner to write in the name of the warden who has physical custody of the petitioner as well as a line automatically naming the Nevada Attorney General. Petitioner modified the form to eliminate the space for writing in the warden's name and instead inserted "NEVADA ATTORNEY GENERAL" over where that space would have been on the form.

    A petitioner who currently is in custody under a state court judgment of conviction must name as a respondent the state officer who has physical custody of the petitioner, *i.e.*, the warden of the institution in which he is incarcerated. *E.g., Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994); Habeas Rule 2(a). There potentially may be different

circumstances, involving a challenge to future custody under a different judgment, where an attorney general perhaps may be a sufficient respondent wholly on her own.[1]  Further, the Court's required petition form, for, *inter alia*, practical reasons of service and a response, includes the state attorney general as an *additional* respondent.  However, when a state prisoner seeks to challenge his current custody under a state court judgment of conviction, he *must* name his physical custodian as a respondent.  *E.g., Stanley*, *supra*.  Failure to name the petitioner's physical custodian as a respondent deprives the court of jurisdiction.  *See,e.g., Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Stanley, supra*.

The petition accordingly will be dismissed without prejudice to the filing of an amended petition naming a proper respondent or respondents.

In this regard, in light of the pending copy credit motion, the Court will direct the Clerk to send petitioner two copies of the original petition that he submitted.  Petitioner may replace the first page of one such copy of the original petition with a first page that instead includes the proper respondent, along with a new signature page at the end, and then file the entire document as an amended petition.  That is, petitioner may put a new first page and a new signature page on an otherwise copy of the original petition and file that document, including the intervening pages from the copy of the original petition, as an amended petition.

Nothing in this order – or in the filing of the original petition herein – implies that the petition otherwise is free of deficiencies.  The matter simply may not proceed forward to review of other issues unless and until petitioner names the proper respondent.  If petitioner does not timely file an amended petition naming the proper respondent, final judgment will be entered dismissing this action without prejudice.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED such that petitioner will not be required to pay the $5.00 filing fee.

IT FURTHER IS ORDERED that the Clerk of the Court shall file the petition and accompanying motions and papers.

---

[1] See Habeas Rule 2(b) and the 1976 Advisory Committee Notes to same.

IT FURTHER IS ORDERED that the petition is DISMISSED without prejudice, subject to leave to amend within thirty (30) days of entry of this order.

IT FURTHER IS ORDERED that Petitioner shall clearly title any amended petition filed as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, **3:12-cv-00348-HDM-WGC**, above the word "AMENDED." Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended petition or that are not re-alleged therein no longer will be before the Court.

This action will be dismissed without further advance notice if petitioner fails to timely mail within thirty (30) days of entry of this order an amended petition to the Clerk for filing and/or otherwise fails to fully comply with this order.

The Clerk of Court shall send petitioner: (1) one copy of a noncapital Section 2254 petition form; (2) one copy of the instructions for same; (3) **two** copies of the original petition (## 1-1 & 1-2); and (4) one copy of the remaining papers that he submitted.

DATED: June 29, 2012.

_____
HOWARD D. MCKIBBEN
United States District Judge