# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANIEL C. RICHMOND,

    *Petitioner*,

vs.

NEVADA ATTORNEY GENERAL, *et al.*,

    *Respondents*.

3:12-cv-00348-HDM-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the amended petition (#5) under Rule 4 of the Rules Governing Section 2254 Cases. On initial review, a substantial question exists as to whether the petition, as amended, is subject to dismissal because none of the claims in the petition were fairly presented to the state courts and exhausted. Petitioner therefore will be directed to show cause in writing why the petition should not be dismissed without prejudice for lack of exhaustion.

### *Background*

According to the papers presented, petitioner Daniel Richmond seeks to set aside his 1980 Nevada state conviction, pursuant to a jury verdict, of two counts of sexual assault. Richmond alleges that he challenged the conviction on direct appeal, through to a decision on May 12, 1982, and on state post-conviction review, through to a decision by the state supreme court on October 4, 1984.

Critically for the present review, petitioner asserts that none of the grounds in the present petition have been presented to the state courts. In response to the pertinent inquiry

in the petition form, he states: "NONE; New Evidence of actual-factual innocence. Schlup v. Delo., 115 S.Ct. 851."[1]

### *Governing Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731(1991). A petition that is completely unexhausted is subject to immediate dismissal. *See,e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

### *Discussion*

According to the papers presented, none of the grounds were fairly presented to the state courts and exhausted. Petitioner apparently seeks to explain away the undisputed lack

---

[1] #5, at 1; see also *id.*, at electronic docketing page 74; #5-1, at electronic docketing pages 16 & 48 (responses to exhaustion inquiries as to individual grounds also confirming that none of the claims have been presented to the state courts).

Petitioner also refers to a prior federal habeas action in No. 3:89-cv-00651-ECR in which he was permitted to withdraw an unexhausted federal petition. Nothing in this order precludes different action by the Court in this matter should review of any additional available records reflects that a prior federal petition by petitioner was adjudicated on the merits. The Court further defers consideration of any additional potential deficiencies in the present petition, including the timeliness thereof, pending resolution of the present inquiry.

of exhaustion by referring to alleged new evidence of actual innocence. However, there is no "actual innocence" exception to the exhaustion requirement. A petitioner potentially may rely upon evidence of alleged actual innocence in order to demonstrate a fundamental miscarriage of justice in order overcome a procedural default of a claim in the state courts. However, significantly, the Nevada state courts recognize, *inter alia*, this same exception, under the same standard, in order to overcome state procedural bars.[2] There accordingly is no reason evident why petitioner may not first present his claims to the state courts so that they may have the first opportunity to consider potential application of state procedural bars as to these claims, any evidence of alleged actual innocence tendered to overcome state procedural bars as to these claims, and potentially the merits of the underlying claims. By proceeding instead first to federal court, petitioner effectively has cut the state courts out of the process and denied the state courts the opportunity to consider in the first instance, *inter alia*, his assertion of actual innocence as to the possible procedural default of these claims.

Petitioner accordingly must show cause why the petition, as amended, should not be dismissed without prejudice because none of the claims therein are exhausted.

IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition, as amended, should not be dismissed without prejudice for lack of exhaustion.

IT FURTHER IS ORDERED that, as previously directed in #3, the Clerk shall separately file and docket the motions accompanying the original petition, which petition already has been filed.

---

[2] Under Nevada practice, "[a] petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice." *E.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006). In *Robinson v. Ignacio*, 360 F.3d 1044 (9th Cir. 2004), the court of appeals recognized that "Nevada's 'cause and prejudice' analysis and the federal 'cause and prejudice analysis' are nearly identical, as both require 'cause for the default and actual prejudice as a result.'" 360 F.3d at 1052 n.3. Moreover, the Nevada state courts further recognize the same exception for a fundamental miscarriage of justice, such that "[e]ven when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Mitchell*, 149 P.3d at 36 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

1   The petition, as amended, will be dismissed without further advance notice if petitioner
2   does not timely respond to this order or fails to demonstrate that the action should not be
3   dismissed without prejudice for lack of exhaustion. Given that petitioner may use carbon
4   paper to make copies of his show-cause response, there is no need for the Court to address
5   the motion to raise his copy credit limit in advance of the show-cause response.
6   DATED: July 13, 2012

*[signature: Howard D. McKibben]*

HOWARD D. MCKIBBEN
United States District Judge