UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL C. RICHMOND, | |
| *Petitioner,* | 3:12-cv-00348-HDM-WGC |
| vs. | ORDER |
| NEVADA ATTORNEY GENERAL, *et al.*, | |
| *Respondents.* | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on its *sua sponte* inquiry into whether the petition, as amended, should be dismissed without prejudice as wholly unexhausted, as well as sundry motions (## 7-9 & 11) filed by petitioner. This order follows upon a prior show-cause order (#6) and petitioner's response (#10) thereto.

### Background

Petitioner Daniel Richmond seeks to set aside his 1980 Nevada state conviction, pursuant to a jury verdict, of two counts of sexual assault. Richmond alleges that he challenged the conviction on direct appeal, through to a decision on May 12, 1982, and on state post-conviction review, through to a decision by the state supreme court on October 4, 1984. Significantly, petitioner asserts that none of the grounds in the present petition have been presented to the state courts. In response to the pertinent inquiry in the petition form, he states: "NONE; New Evidence of actual-factual innocence. Schlup v. Delo., 115 S.Ct. 851."

### Governing Law

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731(1991). A petition that is completely unexhausted is subject to immediate dismissal. *See,e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

### Discussion

Petitioner seeks to avoid a dismissal for lack of exhaustion by referring to alleged new evidence of actual innocence. However, there is no "actual innocence" exception to the exhaustion requirement. A petitioner potentially may rely upon evidence of alleged actual innocence in order to demonstrate a fundamental miscarriage of justice in order to overcome a procedural default of a claim in the state courts. However, significantly, the Nevada state courts recognize, *inter alia*, this same exception, under the same standard, in order to overcome state procedural bars.[1] There accordingly is no reason why petitioner may not first

---

[1] Under Nevada practice, "[a] petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice." *E.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006). In *Robinson v.*
(continued...)

present his claims to the state courts so that they may have the first opportunity to consider potential application of state procedural bars as to these claims, any evidence of alleged actual innocence tendered to overcome state procedural bars as to these claims, and potentially the merits of the underlying claims. By proceeding instead first to federal court, petitioner effectively has cut the state courts out of the process and denied the state courts the opportunity to consider in the first instance, *inter alia*, his assertion of actual innocence as to the possible procedural default of these claims.

Petitioner further contends that exhaustion is not required because the state courts allegedly have no jurisdiction over his case or him personally, because the state courts allegedly are biased, and because a lack of exhaustion is not jurisdictional in federal court.

These arguments are without merit. Any argument that the state courts would not have jurisdiction over petitioner personally and/or to consider a state post-conviction petition, including consideration of the application of potential procedural bars, is frivolous. Petitioner is incarcerated in a Nevada state correctional facility, and the state courts indisputably have jurisdiction over a properly-presented state post-conviction petition and over petitioner personally. To the further extent that petitioner urges that the state court that convicted him lacked jurisdiction, he can present that argument to the state courts on state post-conviction review, subject to any applicable state procedural bars. Any claim of alleged bias by a particular judge also can be presented in a state post-conviction petition, with review ultimately by the Supreme Court of Nevada, again subject to any applicable state procedural bars. A petitioner may not avoid the exhaustion requirement via a bald claim that the entire state judicial system is biased against him. A presumption that state courts are as equally

---

[1](...continued)
*Ignacio*, 360 F.3d 1044 (9th Cir. 2004), the court of appeals recognized that "Nevada's 'cause and prejudice' analysis and the federal 'cause and prejudice analysis' are nearly identical, as both require 'cause for the default and actual prejudice as a result.'" 360 F.3d at 1052 n.3. Moreover, the Nevada state courts further recognize the same exception for a fundamental miscarriage of justice, such that "[e]ven when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Mitchell*, 149 P.3d at 36 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

competent as federal courts in resolving federal claims instead lies at the heart of the exhaustion requirement. *See, e.g., Coleman*, 501 U.S. at 731. Finally, the fact that exhaustion is not a jurisdictional requirement in federal court does not mean that the requirement does not exist, by virtue of both the Congressional directive in 28 U.S.C. 2254(b) and long-established jurisprudential doctrine.

It is undisputed that the petition is wholly unexhausted. Immediate dismissal therefore is required. *Rasberry, supra; Jiminez, supra.* The Court expresses no opinion at this juncture as to whether the petition, as amended, also is subject to other deficiencies, including, *inter alia*, untimeliness.

Petitioner's motions also will be denied, with the exception of the motion for clarification.

On the motion (#7) to add additional pages in support of the petition, petitioner instead must allege his claims within the body of the petition itself, as amended. Nothing asserted in the motion leads to a different result herein.

On the motion (#8) to raise petitioner's prison legal copy credit limit, the form motion does not establish that petitioner is unable to make such copies as might be necessary to pursue relief in this dismissed matter with the use of carbon paper. The Court further typically does not grant motions of this nature, which are not granted as a matter of course in the first instance, without attachment of paperwork from the prison – such as denial of a legal copy request – reflecting that the petitioner is over his copy credit limit.

In the motion (#9) for clarification, petitioner seeks clarification because the clerical stamp on the conform copy that he received of his amended petition (#5) did not have "filed" checked. The clerical stamp on a conform copy, as opposed to a copy of the original in the record, does not have "filed" checked. The original of the pleading was filed.

The motion (#11) for a directed verdict will be denied. Petitioner in essence maintains that he is entitled to a default judgment because the respondents have not filed a response. The motion is frivolous. Under well-established law, there can be no judgment by default in a habeas matter. *See, e.g., Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990). Petitioner

is subject to a presumptively valid judgment of conviction unless and until overturned by a decision on the merits. Under Rule 5(a) of the Rules Governing Section 2254 Cases, respondents, even if otherwise validly served, are under no obligation to respond to a habeas petition until expressly ordered to do so by the district court following initial review of the petition under Rule 4. The provisions of 28 U.S.C. § 2243 do not require that the Court proceed differently than it did in this case. The motion is without merit.

IT THEREFORE IS ORDERED that the petition for a writ of habeas corpus, as amended, shall be DISMISSED without prejudice for lack of exhaustion.

IT FURTHER IS ORDERED that petitioner's motion (#7) to add additional pages, motion (#8) to raise his copy credit limit, and motion (#11) for a directed verdict all are DENIED.

IT FURTHER IS ORDERED that petitioner's motion (#9) for clarification is GRANTED only to the limited extend that the Court confirms that #5 was filed.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the dismissal of the unexhausted petition to be debatable or wrong.

IT FURTHER IS ORDERED, in the event of an appeal, and pursuant to 28 U.S.C. § 1915(a)(3), that the Court certifies to the Court of Appeals that an appeal is not taken in good faith. So that the certification herein may be clearly marked for review by the Court of Appeals, the Clerk of the Court shall prominently include within the docket entry for this order a statement that the order of dismissal also certifies to the Court of Appeals that an appeal would not be taken in good faith, over and above denying a certificate of appealability. Petitioner's arguments as to why the action should not be dismissed for complete lack of exhaustion are based upon nothing more than frivolous jailhouse logic.

IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court shall serve a copy of this order and the final judgment by informal electronic service upon Attorney General Catherine Cortez Masto. **No response is required from respondents in this matter other than to respond to the orders of any reviewing court.**

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: October 3, 2012.

_____
HOWARD D. MCKIBBEN
United States District Judge