# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANIEL C. RICHMOND,

    *Petitioner*,

vs.

NEVADA ATTORNEY GENERAL, *et al.*,

    *Respondents*.

3:12-cv-00348-HDM-WGC

ORDER

This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#16) for relief from order under Rule 60(b), amended motion (#20) for relief from order, and motion (#17) to raise copy credit limit.

## *Background*

In this action filed in mid 2012, petitioner sought to challenge his 1980 Nevada state conviction, pursuant to a jury verdict, of two counts of sexual assault. He alleged that he had challenged the conviction on appeal and state post-conviction review in the early 1980's.

It did not appear on initial review that the claims in the federal petition had been exhausted. *Inter alia*, petitioner acknowledged in response to a query as to whether all of the grounds had been presented to the state supreme court: "NONE. New Evidence of actual factual innocence. *Schlup v. Delo*, 115 S.Ct. 851." Moreover, on the exhaustion inquiries for the specific grounds, he indicated that none of the claims in Ground 1 and in Ground 2 had been presented to the state supreme court on direct appeal or state post-conviction review. He again explained, separately for each ground, why the issues had not been raised: "New

Evidence of actual factual innocence. *Schlup v. Delo*, 115 S.Ct. 851." Further, in Ground 3 petitioner contended that all of the Nevada Revised Statutes adopted since the mid 1950's were invalid for lack of an enabling clause. He acknowledged that this ground was unexhausted as well, and he explained: "Jurisdictional issues may be raised at any time, based on unconstitutional laws."[1]

On July 13, 2012, the Court issued a show-cause order directing petitioner to show cause why the petition should not be dismissed without prejudice for lack of exhaustion because none of the claims in the petition were fairly presented to the state courts and exhausted. The order outlined the pertinent procedural history reflected by the record and the governing law. The order pointed out that, under established Nevada law, petitioner could raise a claim of actual innocence in the state courts in an effort to overcome state procedural bars under the same standards that are applied in federal court. The order plainly stated: "The petition, as amended, will be dismissed without further advance notice if petitioner does not timely respond to this order or fails to demonstrate that the action should not be dismissed without prejudice for lack of exhaustion."[2]

In his show-cause response, petitioner did not seek to establish that any of his constitutional claims had been fairly presented to the state courts in an appropriate procedural vehicle through to a decision by the Supreme Court of Nevada rejecting the claim on the merits or based upon a state procedural bar.

Petitioner instead presented baseless arguments, *inter alia*, that a showing of actual innocence excused him from compliance with all state and federal procedural requirements on his claims, including exhaustion; that exhaustion was not required because the state courts allegedly had no jurisdiction over his case or him personally, despite his being held in a Nevada state prison on a Nevada state conviction; and that exhaustion was not required because the state courts allegedly were biased against him.

---

[1] #5, at electronic docketing pages 1 & 74; #5-1, at electronic docketing pages 16 & 48.

[2] #6, at 4.

1     The Court rejected the baseless arguments presented by petitioner and dismissed the petition without prejudice for lack of exhaustion. Final judgment was entered on October 3, 2012.[3]

    On or about March 15, 2013, petitioner mailed for filing his motion (#16) for relief from order under Rule 60(b). On or about August 15, 2013, he mailed for filing an amended motion (#20).[4]

### *Discussion*

    Petitioner seeks to vacate the judgment of dismissal under "Rule 60(b)(1)+(6)."

    Petitioner has not demonstrated persuasively that the judgment should be set aside under Rule 60(b)(1) on the basis of mistake, inadvertence, surprise, or excusable neglect.

    Petitioner contends that "all New Evidence of Actual Innocence . . . have been exhausted through the Nevada Supreme Court." He asserts that he wrote "none" mistakenly and incorrectly on the face of the amended petition because he failed to distinguish earlier alleged evidence of actual innocence submitted post-trial with later alleged evidence of actual innocence received subsequently from the Nevada secretary of state and the district court clerk. He urges that he had in fact argued actual innocence earlier in the state courts. He maintains that this alleged mistake must be attributed to his being 77 years old.

    A failure of a party or attorney to argue or allegedly correctly argue a factual or legal point in a filing prior to final judgment does not demonstrate mistake, inadvertence or excusable neglect satisfying Rule 60(b)(1). *See, e.g., Allmerica Financial Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 665-66 (9th Cir. 1997); *Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992); *Bank of America National Trust and Savings Assoc. v. Mamakos*, 509 F.2d 1217, 1219 (9th Cir. 1975); *see also Boon v. Union*

---

[3] ## 12 & 13.

[4] Petitioner also had mailed for filing a motion essentially for a default judgment on or about October 3, 2013. As the Court noted when it denied the motion, it constituted a motion seeking pre-judgment rather than post-judgment relief. That motion in any event was denied on October 23, 2012, approximately five months prior to the constructive filing of petitioner's Rule 60(b) post-judgment motion. See ## 14 & 15.

*Pacific Railroad Co.*, 2012 WL 907085 (9th Cir. Mar. 6, 2012). Here, petitioner clearly was placed on notice by the show-cause order of the need to present apposite argument to avoid dismissal of the action. Neither petitioner's lay status nor his age provides a basis for using Rule 60(b)(1) to reargue the matter after final judgment, particularly given the extensive ability to present argument that petitioner has demonstrated herein on multiple points.[5]

Nor does such a failure to argue a point prior to entry of judgment present such extraordinary circumstances as would establish that relief is warranted under Rule 60(b)(6) based upon there being "any other reason that justifies relief." *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)(movant must show extraordinary circumstances);*Allmerica Financial Life Ins.*, 139 F.3d at 666 (prior failure to argue point does not demonstrate extraordinary circumstances).

The Court would note that petitioner's late-breaking argument in any event begs the question. Petitioner appears to proceed now on the premise that he need only argue actual innocence at some prior point in the state proceedings in order to satisfy the exhaustion requirement. What petitioner instead must demonstrate is that he fairly presented the *constitutional claims in the federal petition* to the state courts in an appropriate procedural vehicle through to a decision on the merits (or application of a state procedural bar) by the Supreme Court of Nevada. Nothing in any of petitioner's filings – whether before or after judgment – cogently and clearly establishes that the constitutional claims in the federal petition were exhausted. In the present motion, petitioner presents an extensive recital of alleged state court procedural history from the 1980's and 1990's, but he makes no clear showing that any particular federal claim in the also prolix federal petition was fairly presented to the state courts in an appropriate procedural vehicle through to a final decision on the claim by the state supreme court. Rather, as one reads through the lengthy discourse in the

---

[5]The four-factor analysis of *Pioneer Investment Services Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 394-95 (1993), pertains to situations where a party has failed to file a paper on time. *Pioneer*'s four-factor analysis is inapposite here. Petitioner filed his show-cause response timely, but he now seeks to take a second bite at the apple and argue the exhaustion issue on a different tack than he took originally. Rule 60(b)(1) does not provide a litigant, including a lay litigant, a basis for rearguing an issue after final judgment.

pending motions referring to the alleged factual and legal bases for his current challenge to the validity of his 1980 conviction, it becomes even more evident that the claims were not fairly presented to the state supreme court previously.[6]

The Court therefore will deny petitioner's motions seeking to reopen the matter.

The Court notes in this regard that the earlier dismissal of this action can result in no substantial prejudice to petitioner. The dismissal was without prejudice and does not preclude petitioner from proceeding in another federal habeas action based upon an adequate showing that he has exhausted state judicial remedies on his federal constitutional claims. While the one-year federal limitation period expired long ago with regard to petitioner's 1980 conviction, he of course can overcome the untimeliness of a federal petition if he in fact, as he claims, can establish actual innocence. The dismissal of this action without prejudice thus does not inexorably foreclose possible federal habeas relief but instead only concluded this particular action on the showing made, after a show-cause order. Meanwhile, for this case, petitioner has not demonstrated a basis for reopening this closed action under Rule 60(b)(1) or (6).[7]

Petitioner's motion to raise his copy credit limit also will be denied as moot with regard to this closed action. The Court notes that petitioner has filed hundreds of pages of copies of record materials in this action while at the same time maintaining that a copy credit limit was impairing his access to the courts. However, the Court will direct the Clerk to send petitioner a copy of his pleadings and papers that include substantial amounts of copies of state court record materials with this order.

---

[6]For example, petitioner urges that documents provided by the state secretary of state and the district court clerk in 2000 establish that perjured testimony was used at trial. He further urges that such perjury allegedly renders the judgment of conviction and the state supreme court's rejection of his prior challenges to be void judgments due to extrinsic fraud, depriving the state courts of subject matter jurisdiction over him. By definition, such claims, on such a factual basis, clearly were not presented to the state courts. Moreover, in prior state court proceedings, proper person documents filed during times when petitioner was represented by counsel would exhaust no claims. Petitioner persists in the frivolous suggestion that exhaustion is not required because the state courts have no jurisdiction. He further argues timeliness when the issue on the show-cause order instead was exhaustion. The Court dismissed the action for lack of exhaustion.

[7]Nothing in the Court's orders herein suggest that the pleadings in this matter otherwise were free of deficiencies. *Inter alia*, as alluded to in the text, the petition was unnecessarily rambling and clearly untimely on its face, subject to the actual-innocence argument as to the latter.

IT THEREFORE IS ORDERED that petitioner's motion (#16) for relief from order under Rule 60(b) and amended motion (#20) for relief from order both are DENIED.[8]

IT FURTHER IS ORDERED that petitioner's motion (#17) to raise his copy credit limit is DENIED as moot.

The Clerk of Court shall SEND petitioner with this order a copy of the entirety of ## 4, 5, 16 & 20.

DATED: February 19, 2014.

*Howard D. McKibben*

HOWARD D. MCKIBBEN
United States District Judge

---

[8] Petitioner requests that he be permitted to dismiss Ground 3 from the petition. #20, at 29. Nothing in the Court's orders in this case precludes petitioner from limiting his claims in another proceeding in state or federal court. This action, however, is closed.